IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LESLIE V. EARNEST                                                                                    PLAINTIFF

V.                                                                            CAUSE NO. 4:14CV094-JMV

CLARKSDALE MUNICIPAL SCHOOL DISTRICT                                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on defendant's motion to dismiss plaintiff's state law claim(s) pursuant to Rule 12(b)(6). As explained below, the motion will be converted by the court to one for summary judgment, and for the reasons explained below, it will be granted.

A. Facts and Procedural Status

The plaintiff's complaint asserts a cause of action for violation of Title VII and a state common law claim for negligent infliction of emotional distress. In particular, the plaintiff, a school teacher, alleges that in November 2012 she was suspended for allegedly striking a child and that four days later on November 5, 2012, she was terminated for having done so. Plaintiff alleges that as a consequence of her termination, she filed a charge of discrimination with the EEOC the same month. Thereafter, she filed the instant lawsuit on June 26, 2014.

The defendant contends, by way of its motion, that the state law claim(s) should be dismissed because the plaintiff failed to plead her compliance with the pre-suit mandates of the Mississippi Tort Claims Act (MTCA), which governs all state law claims against governmental entities, including defendant. In particular, defendant argues plaintiff failed to assert, in the body of her complaint, that she had complied with MTCA § 11-46-11's requirement of written pre-suit notice of the state law claim, and that she in fact failed to actually provide the pre-suit notice.

Defendant further asserts plaintiff failed to comply with the one year statute of limitations applicable to her state law claim under the MTCA. Alternatively, the defendant contends the complained of conduct is discretionary and, as such, the defendant is immune from liability under the MTCA as a matter of law.[1] By way of affidavit in support of its motion to dismiss, the defendant explains further that though the plaintiff asserts in her complaint that her termination without pay was effective Nov. 5, 2012, her employment was not terminated until she was notified by letter dated March 22, 2013, that the school board had determined to uphold the superintendent's earlier decision to terminate her employment and that her employment was terminated effective March 29, 2013.

In response to the motion, Plaintiff argues that reference in her complaint to "having complied with all statutory and administrative prerequisites to filing suit" is sufficient reference to her compliance with the MTCA pre-suit notice requirement; that a letter of determination and proposed conciliation agreement each dated September 5, 2013 from the EEOC addressed to defendant and delivered via certified mail constitute substantial compliance with the mandatory pre-suit notice provision of the MTCA. She further contends that utilizing the September 5 date as the one on which notice pursuant to the MTCA was actually given, the one-year statute of limitations did not run until several days after her lawsuit was filed. Thus, plaintiff contends the suit is timely.

---

[1] In holding that summary judgment is appropriate on the basis of plaintiff's failure to provide the pre-suit notice required pursuant to the MTCA and on the basis that the statute of limitations expired on plaintiff's claims prior to suit, the court finds it unnecessary to address whether defendant is entitled also to summary judgement on this additional ground.

### B. Conversion of the Motion to Dismiss to One for Summary Judgment

Federal Rule of Civil Procedure 12 provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d) (emphasis added). The Fifth Circuit has explained:

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir.1990) (internal quotation marks omitted) (citing *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 746 (5th Cir.1986)). "A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings and that evidence is not excluded by the court." *Bowers v. Nicholson*, No. H–07–1910, 2007 WL 3047223, at * 4 (S.D. Tex. Oct.18, 2007) (internal citation omitted). This court has most recently accepted such a conversion from a Motion to Dismiss to a Motion for Summary Judgment in *McNair v. Mississippi*. *See* No. 4:13–CV–00127–DMB–JMV, 2014 WL 4181847, at *1 (N.D. Miss. Aug. 21, 2014).

Defendant submitted matters outside the pleadings in its motion to dismiss, *see* Dupree Aff. attached to Def.'s Mot. To Dismiss as "Ex. 1," and plaintiff did as well in her response to the motion to dismiss, *see* Determination and Proposed Conciliation Agreement attached to Pl.'s

3

Resp. to Def's Mot. to Dismiss as "Ex. 1." Therefore, defendant's motion to dismiss will be treated as one for summary judgment.

Summary judgment is warranted when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *Norwegian Bulk Transport A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 411 (5th Cir. 2008) (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 322-23 (1986)). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

C. Applicable Law

Section § 11-46-11 of the MTCA provides that at least ninety days before instituting suit, an alleged injured party must file a notice of claim with the chief executive officer of the responsible governmental entity. MISS. CODE ANN. 11-46-11(1). The MTCA requires that the

notice contain seven categories of information: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant's residence at the time of filing the notice. *See* Miss. Code Ann. § 11-46-11(2)(b)(iii). The Mississippi Supreme Court and Mississippi Court of Appeals "ha[ve] expressly held that plaintiffs proceeding under the MTCA are held to a *substantial-compliance standard* regarding their obligation to deliver a notice of claim." *Guthrie v. Jones County School Dist.*, 102 So.3d 1224, 1225 (Miss. Ct. App. 2012) (emphasis added). Under Mississippi law, whether a plaintiff adequately complied with the MTCA's statutory notice requirements is a question of law. *Thornburg v. Magnolia Reg'l Health Ctr.*, 741 So.2d 220, 222 (Miss. 1999) (citation omitted).

Further, the MTCA requires suit to be filed one year from the date the complained of cause of action arose. Regarding the one year statute of limitations, the MTCA provides:

> (3)(a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.
>
> (b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.
>
> . . .

5

(d)(i) To determine the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim is effective upon delivery by the methods statutorily designated in this chapter.

ii) The limitations period provided in this section controls and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations that would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

MISS. CODE ANN. § 11–46–11.

Under Mississippi law, "[t]he issue of whether the applicable statute of limitations has run is a question of law." *Stringer v. Trapp,* 30 So.3d 339, 341 (¶ 9) (Miss. 2010).

D. Analysis

To begin, according to the complaint, plaintiff was terminated without pay effective November 5, 2012, and filed her EEOC charge complaining of same during that month. However, plaintiff does not contend the filing of her EEOC charge constituted substantial compliance with MTCA's pre-suit notice requirement.[2] Instead, she contends a letter written by

---

[2] And the reasons why are obvious: if the plaintiff contended the EEOC charge constituted the requisite notice, such contention would contravene existing law directly on point. *See Williams v. Weems Community Mental Health Center,* No. 4:04cv179LR, 2006 WL1666280, at *2 (S.D. Miss. June 13, 2006 ) ("Plaintiff has not cited any authority for the proposition that an EEOC charge of discrimination can satisfy the notice of claim requirement under the MTCA, and notably, federal courts in Mississippi have held to the contrary.") (citing *Forside v. Mississippi State University*, No. 101CV438-DD, 2002 WL 31992181, at *5 (N.D. Miss. Dec. 30, 2002) (dismissing intentional infliction of mental distress claim for failure to file notice of claim pursuant to the MTCA, despite plaintiff's filing of EEOC complaint); *Brunt v. Coahoma County School*, No. 2:98CV41-9-B, 1999 WL 33135089, at *6 (N.D. Miss. Dec. 21,1999) (dismissing defamation claim against governmental entity for failure to file notice of claim pursuant to MTCA, despite plaintiff's filing of an EEOC complaint)). *See also, Hall v. Bolivar County*, 2:08cv174, 2010 WL 916934 (N.D. Miss. Mar. 10, 2010) (same).

Moreover, even if the EEOC charge could lawfully constitute the requisite notice, it would necessarily mean that the cause of action had arisen as of the date the charge was filed in November, and that would result in the statute of limitations having run well in advance of the

the EEOC, with attached proposed conciliation agreement dated September 5, 2013, constitutes her substantial compliance with notice requirement, and, thus, is the date on which the 95 day tolling of the one-year statute of limitations period began to run. The problem plaintiff has under these circumstances is that if the termination date was, in fact, Nov. 5, 2012–as her complaint alleges–then *even if* the EEOC's letter of September 5, 2013, did constitute substantial compliance with the pre-suit notice requirements, the statute of limitations for filing suit to bring a state law claim against the defendant arising from her termination ran in February 2014, months prior to the actual filing date of the instant complaint.

In an obvious effort to ameliorate this result, plaintiff, in her response to the motion to dismiss, notes that the defendant's motion and attached affidavit in support recites that the actual date of termination without pay–regardless of what the complaint recites–is March 22, 2013 or March 29, 2013. Utilizing that as the actual date of employment termination, plaintiff argues that if the September 5 correspondence from the EEOC supplies the requisite pre-suit notice under the MTCA, the statute would not run until several days after the suit was actually filed. Plaintiff's tortured effort in this regard is to no avail since, as explained hereafter, the EEOC correspondence of September 5 and attached proposed draft conciliation agreement in no respect constitute substantial compliance with the MTCA pre-suit notice requirement. In fact, the plaintiff, herself, asserts that only one of the *seven* categories of information required by the statute to be supplied in the written pre-suit notice–the amount of damages she seeks for violation of her state law rights–is addressed in the September 5 correspondence. Moreover, even that assertion is suspect, as a careful review of the subject correspondence nowhere includes

---

actual date this suit was filed.

7

a demand by the plaintiff for a stated amount of alleged damages resulting from an alleged negligent infliction of emotional distress. Instead, this correspondence is merely a unilateral un-executed draft conciliation proposal by the EEOC addressed to plaintiff's Title VII claims which proposes in relevant part: "The charging party agrees not to sue the respondent with respect to allegations contained in the [EEOC] charge . . . . The respondent agrees to pay Charging Party lost wages, attorney fees and pecuniary losses in the sum of $60,000."

The September 5 correspondence is not from the plaintiff and does not set forth the particular circumstances which brought about the alleged injury (emotional distress); the extent of the injury; the time and place the injury occurred; the names of all persons known to be involved; the residence of the person making the claim at the time of the injury; or the claimant's residence at the time of filing the notice. In short, the suggestion that correspondence not even from the plaintiff or her counsel and not containing even a single one of the seven categories of information mandated by the MTCA for inclusion in the pre-suit written notice to effectuate a tolling of the statute of limitations and subsequent filing of a lawsuit is substantial compliance with the statute is without merit and unsupported by *any* case law. *See supra* note 2. *See also, e.g.*, *Tallahatchie General Hospital v. Howe*, 49 So.3d 86 (Miss. 2010); *Newton v. Lincoln County, Mississippi*, 86 So.3d 70 (Miss. Ct. App. 2012); *Parker v. Harrison County Board of Supervisors*, 987 So.2d 435 (Miss. 2008). There is simply no genuine issue regarding any material fact in this case on this issue because plaintiff wholly failed to give proper pre-suit notice to defendant of her state law claim, and that failure precludes suit both because such notice is a prerequisite for such suits and because in its absence the statute of limitations was not tolled,

8

and it ran either on November 5, 2013, or on March 29, 2014–in either case, well in advance of the filing of the complaint.

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**, and plaintiff's state law claims are dismissed with prejudice.

This 23rd day of December, 2014.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE